**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000019
17-OCT-2011
08:24 AM**

NO. CAAP-11-0000019


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


COUNTY OF HAWAII, a municipal corporation
of the State of Hawai'i, Plaintiff-Appellant,
v.
UNIDEV, LLC, a Delaware Limited Liability Company;
UNIDEV HAWAII, LLC, a Delaware Limited Liability Company et al.,
Defendants-Appellees

AND

UNIDEV, LLC, a Delaware Limited Liability Company,
Counterclaim-Appellee,
v.
COUNTY OF HAWAI'I, a municipal corporation of the
State of Hawai'i; HAWAII ISLAND HOUSING TRUST, a Hawai'i
corporation; et al., Counterclaim-Defendants

(CIVIL NO. 09-01-264K)

_____

COUNTY OF HAWAI'I, a municipal corporation
of the State of Hawai'i, Plaintiff-Appellant,
v.
UNIDEV, LLC, a Delaware Limited Liability Company;
UNIDEV HAWAII, LLC, a Delaware Limited Liability Company et al.,
Defendants-Appellees

(CIVIL NO. 10-1-427K)


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

ORDER DENYING SEPTEMBER 19, 2011 MOTION
TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Defendant/Counterclaim-Plaintiff/ Appellee UniDev, LCC's (Appellee UniDev), September 19, 2011 motion to dismiss Plaintiff/Counterclaim-Defendant/Appellant County of Hawaii's (Appellant County of Hawaiʻi) appeal in appellate court case number CAAP-11-000019 for lack of jurisdiction, (2) Appellant County of Hawaii's October 3, 2011 memorandum in opposition to Appellee UniDev's September 19, 2011 motion to dismiss for lack of jurisdiction, (3) Appellee UniDev's October 10, 2011 reply memorandum in support of Appellee UniDev's September 19, 2011 motion to dismiss for lack of jurisdiction, and (4) the record, it appears that, pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) and the collateral order doctrine, we have jurisdiction over Appellant County of Hawaii's appeal from the Honorable Elizabeth A. Strance's December 17, 2010 "Order Granting Counterclaimant UniDev, LLC's[,] Motion to Compel Alternative Dispute Resolution and to Stay Proceedings" (the December 17, 2010 order compelling alternative dispute resolution) and January 3, 2011 "Amended Order Granting Counterclaimant UniDev, LLC's[,] Motion to Compel Alternative Dispute Resolution and to Stay Proceedings (the January 3, 2011 amended order compelling alternative dispute resolution).

Appellee UniDev argues that this case involves contracts that involve interstate commerce, and the Federal

Arbitration Act, <u>i.e.</u>, 9 U.S.C. § 1 et seq. (FAA), governs arbitration agreements that involve interstate commerce. <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 12-13 (1984). "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." <u>AT&T Mobility LLC v. Concepcion</u>, 131 S.Ct. 1740, 1748 (2011). Furthermore, 9 U.S.C. § 16 (2006) of the FAA contains provisions that prohibit an appeal from an interlocutory order that directs or compels arbitration to proceed:

§ 16.  Appeals

(a)  An appeal may be taken from --

(1)  an order --

(A)  refusing a stay of any action under section 3 of this title,

(B)  denying a petition under section 4 of this title to order arbitration to proceed,

(C)  denying an application under section 206 of this title to compel arbitration,

(D)  confirming or denying confirmation of an award or partial award, or

(E)  modifying, correcting, or vacating an award;

(2)  an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3)  a final decision with respect to an arbitration that is subject to this title.

(b)  Except as otherwise provided in section 1292(b) of title 28, <u>an appeal may not be taken from an interlocutory order</u> --

(1)  granting a stay of any action under section 3 of this title;

(2)  <u>directing arbitration to proceed</u> under section 4 of this title;

(3)     compelling arbitration under section 206
        of this title; or

(4)     refusing to enjoin an arbitration that is
        subject to this title.

9 U.S.C. § 16 (emphases added).  Therefore, an issue exists
whether subsection (2) or (3) of 9 U.S.C. § 16(b) prohibits
Appellant County of Hawaii's appeal from the December 17, 2010
order compelling alternative dispute resolution and the
January 3, 2011 amended order compelling alternative dispute
resolution.

The Supreme Court of Hawai'i has acknowledged that
"[v]irtually every state and federal court that has considered
the preemptive effect of the FAA has concluded that . . . the FAA
applies equally in state or federal courts."  Brown v. KFC
National Management Co., 82 Hawai'i 226, 234, 921 P.2d 146, 154
(1996).  Furthermore, the United States Supreme Court has held
that "States cannot require a procedure that is inconsistent with
the FAA, even if it is desirable for unrelated reasons."  AT&T
Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1753 (2011) (holding
that the FAA preempts California's judicial rule regarding the
unconscionability of class arbitration waivers in consumer
contracts).  Nevertheless, the United States Supreme Court has
also held that the FAA did not preempt a California law regarding
arbitration where the parties' contract contained a choice-of-law
clause providing that the California state rules of arbitration
would govern their disputes:

Unlike its federal counterpart, the California
Arbitration Act, Cal. Civ. Proc. Code Ann. § 1280 et seq.
(West 1982), contains a provision allowing a court to stay
arbitration pending resolution of related litigation.  We
hold that application of the California statute is not pre-
empted by the Federal Arbitration Act (FAA or Act), 9 U.S.C.

§ 1 et sq., in a case where the parties have agreed that their arbitration agreement will be governed by the law of California.

Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468, 470 (1989) (emphasis added).

> There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate. Interpreting a choice-of-law clause to make applicable state rules governing the conduct of arbitration - rules which are manifestly designed to encourage resort to the arbitral process - simply does not offend the rule of liberal construction set forth in [prior case law], nor does it offend any other policy embodied in the FAA.

Id. at 476 (footnote and citation omitted; emphases added). "It is undisputed that this contract falls within the coverage of the FAA, since it involves interstate commerce, and that the FAA contains no provision authorizing a stay of arbitration in this situation." Id. Nevertheless, "even if [provisions] of the FAA are fully applicable in state-court proceedings, they do not prevent application of Cal. Civ. Proc. Code Ann. § 1281.2(c) to stay arbitration where, as here, the parties have agreed to arbitrate in accordance with California law." Id. at 477. "The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." Id. "But even when Congress has not completely displaced state regulation in an area, state law may nonetheless be pre-empted to the extent that it actually conflicts with federal law - that is, to the extent that it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. (citation and internal quotation marks omitted).

> The FAA was designed to overrule the judiciary's long-standing refusal to enforce agreements to arbitrate, . . . and to place such agreements upon the same footing as other contracts. . . . While Congress was no doubt aware that the Act would encourage the expeditious resolution of disputes, its passage was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered. . . . Accordingly, we have recognized that the FAA does not require parties to arbitrate when they have not agreed to do so, . . . . nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement, . . . . It simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.

Id. at 478 (citations and internal quotation marks omitted).

> In recognition of Congress' principal purpose of ensuring that private arbitration agreements are enforced according to their terms, we have held that the FAA pre-empts state laws which require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. . . . But it does not follow that the FAA prevents the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. Indeed, such a result would be quite inimical to the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms. <u>Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit</u>. Just as they may limit by contract the issues which they will arbitrate, . . . so too may <u>they specify by contract the rules under which that arbitration will be conducted</u>. <u>Where, as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA</u>, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward. By permitting the courts to rigorously enforce such agreements according to their terms, . . . we give effect to the contractual rights and expectations of the parties, without doing violence to the policies behind by the FAA.

Id. at 478-79 (citations and internal quotation marks omitted; emphases added). More recently, in 2010, the United States Supreme Court has reiterated that, notwithstanding the FAA, the courts and arbitrators must give effect to the contractual rights of the parties, that the parties' intentions control, that parties may limit the issues that they choose to arbitrate, and that "<u>parties . . . may agree on rules under which any arbitration will proceed</u>[.]" <u>Stolt-Nielsen, S.A. v. Animalfeeds International Corp.</u>, 130 S.Ct. 1758, 1774 (2010) (citations

omitted; emphasis added) (holding that a party may not be compelled under the FAA to submit to class arbitration unless the party contractually agreed to submit to class arbitration). "It falls to courts and arbitrators to give effect to these contractual limitations, and when doing so, courts and arbitrators must not lose sight of the purpose of the exercise: to give effect to the intent of the parties." Id. at 1774-75 (citation omitted).

The Supreme Court of Hawai'i has held that, "[w]hen the parties choose the law of a particular state to govern their contractual relationship and the chosen law has some nexus with the parties or the contract, that law will generally be applied." Airgo, Inc. v. Horizon Cargo Transport, Inc., 66 Haw. 590, 595, 670 P.2d 1277, 1281 (1983) (citation omitted); Brown v. KFC National Management Co., 82 Hawai'i 226, 233, 921 P.2d 146, 153 (1996); see also Del Monte Fresh Produce (Hawaii) Inc. v. Fireman's Fund Insurance Co., 117 Hawai'i 357, 364-65, 183 P.3d 734, 741-42 (2007). The contracts that contain the arbitration clauses that Appellee UniDev seeks to enforce also indicate that the parties chose that Hawai'i state law would govern any arbitration:

> 13. Dispute. Any dispute arising under the terms of the Agreement that is not resolved within a reasonable period of time by authorized representatives of UniDev and the Sponsor shall be brought to the attention of the Chief Executive Officer of UniDev and the Executive Director of the Sponsor for joint resolution. Thereafter, if the matter in dispute is still unresolved, then the parties shall in good faith mutually appoint a mediator to mediate the dispute, provided that if the parties cannot agree upon a mediator, then either party may petition a court of competent jurisdiction to appoint a mediator. If the matter in dispute is still not resolved by mediation, then the parties shall submit the matter to arbitration as provided in the "Uniform Arbitration Act" under State law. The award of the arbitrator shall be final and binding upon the parties

unless the award is vacated or modified in the manner provided in said Uniform Arbitration Act. Any mediation or arbitration proceeding shall take place in Hilo, Hawaii, unless otherwise mutually agreed upon by the parties.
. . . .

(Quoted in part; emphasis added). The contracts also contain the following choice-of-law clause:

5.    Governing Law. This Agreement and all contracts and purchase orders shall be construed in accordance with, and their performance governed by, the laws of the State of Hawaii (the "State"). Further, UniDev shall comply with all municipal, State and federal laws applicable to UniDev's performance under this Agreement.

(Emphasis added). Therefore, it appears that Hawaiʻi state law, rather than 9 U.S.C. § 16 under the FAA, governs the issue whether Appellant County of Hawaiʻi may appeal from the December 17, 2010 order compelling alternative dispute resolution and the January 3, 2011 amended order compelling alternative dispute resolution. Under Hawaiʻi state law, an order compelling arbitration is appealable under HRS § 641-1(a) and the collateral order doctrine. Sher v. Cella, 114 Hawaiʻi 263, 266-67, 160 P.3d 1250, 1253-54 (App. 2007); Association of Owners of Kukui Plaza v. Swinerton & Walberg Co., 68 Haw. 98, 107, 705 P.2d 28, 35 (1985); Luke v. Gentry Realty, Ltd., 105 Hawaiʻi 241, 246 n.10, 96 P.3d 261, 266 n.10 (2004); Douglass v. Pflueger Hawaii, Inc., 110 Hawaiʻi 520, 522 n.1, 135 P.3d 129, 131 n.1 (2006). Therefore, pursuant to HRS § 641-1(a) and the collateral order doctrine, we have jurisdiction over Appellant County of Hawaii's appeal from the December 17, 2010 order compelling alternative dispute resolution and the January 3, 2011 amended order compelling alternative dispute resolution.

It is noteworthy that, even in cases that did not involve a contractual choice-of-law clause, state courts in other

jurisdictions have held that the FAA prohibition under 9 U.S.C. § 16(b) against appeals from orders compelling arbitration does not preempt state laws that govern the issue whether state courts' orders compelling arbitration are immediately appealable, because the issue of appealability is a procedural issue that state laws govern. See, e.g., Southern California Edison Co. v. Peabody Western Coal, 977 P.2d 769, 773 (Ariz. 1999) ("The FAA does not . . . require submission to federal procedural law."); Muao v. Grosvenor Properties, Ltd., 122 Cal. Rptr. 2d 131, 137 (Cal. Ct. App. 2002) ("Therefore, like other federal procedural rules, section 16 of the FAA is not binding on our state court proceedings, provided applicable state procedures do not defeat the rights granted by Congress." (Citations, brackets, and internal quotation marks omitted)); Simmons v. Deutsche Financial Services, 532 S.E.2d 436, 440 (Ga. Ct. App. 2000) ("We conclude under the present facts that, assuming § 16 of the FAA would prohibit the appeal, it does not preempt Georgia's procedural rule allowing this appeal."); Wells v. Chevy Chase Bank, 768 A.2d 620, 629 (Md. 2000) ("Accordingly, we hold that the Maryland procedural rule, recognizing an order compelling arbitration to be a final and appealable judgment, is not preempted by the FAA."); Kremer v. Rural Community Insurance Company, 788 N.W.2d 538, 602 (Neb. 2010) ("We conclude that an order compelling arbitration . . . is a final order under [Nebraska state law] . . . . We determine whether permitting an appeal from the order [pursuant to Nebraska state law] undermines the FAA's goals and objectives. We determine that it does not."). In light of

the fact that an order compelling arbitration is an appealable collateral order under Hawai'i state law,

IT IS HEREBY ORDERED that Appellee UniDev's September 19, 2011 motion to dismiss for lack of jurisdiction is denied.

DATED: Honolulu, Hawai'i,  October 17, 2011.


Presiding Judge

Associate Judge

Associate Judge